# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CAUSE NO. EP-12-CR-00849-KC |
| (2) ISMAEL ZAMBADA GARCIA aka "Mayo", | § § § § | |
| Defendant. | § | |

## GOVERNMENT'S UNOPPOSED MOTION FOR DESIGNATION AS COMPLEX CASE AND TOLLING OF SPEEDY TRIAL PROVISIONS

The United States of America, by and through the United States Attorney for the Western District of Texas, respectfully submits this Unopposed Motion for Designation as Complex Case and Tolling of Speedy Trial Provisions. The parties request that the Court toll the time limits imposed by the Speedy Trial Act.

### I. Background and Procedural Posture of the Case

In 2012, a federal grand jury sitting in the Western District of Texas, El Paso Division, indicted Defendant and 23 other persons in a 14-Count Indictment. The grand jury charged Defendant with the following crimes:

- Count 1 – RICO Conspiracy;

- Count 2 – Conspiracy to possess with intent to distribute a controlled substance (over five kilograms of cocaine) and (over 1000 kilograms of marijuana);

- Count 3 – Conspiracy to import a controlled substance (over five kilograms of cocaine) and (over 1000 kilograms of marijuana);

- Count 4 – Conspiracy to launder monetary instruments;

- Count 5 – Conspiracy to possess firearms in furtherance of drug trafficking crimes;

- Count 11 – Murder while engaging in or working in furtherance of a continuing criminal enterprise or drug trafficking; and
- Count 12 – Engaging in a continuing criminal enterprise in furtherance of drug trafficking.

Soon after indictment, extradition packets were presented to the Republic of Mexico for all 24 defendants. Based on the indictment and extradition request from the Western District of Texas, the Government of Mexico issued an arrest warrant for Defendant.

Out of the 24 defendants indicted, the Government has successfully extradited and prosecuted 11 of them.[1] Unfortunately, three of the 24 defendants have been confirmed killed in Mexico. Of the remaining defendants, eight have pleaded guilty to various charges and two defendants opted for a trial -- defendants Mario Iglesias Villegas and Arturo Shows Urquidi. In October of 2021, federal agents, state and local officers from across the country, and several members of the Sinaloa Cartel testified at the trial. After three weeks of evidence, a jury found both defendants guilty on all charges. At sentencing, the presiding judge sentenced both defendants to life in prison, and in 2024, the Fifth Circuit affirmed the convictions.

On July 25, 2024, agents with the Drug Enforcement Administration (DEA) and the Federal Bureau of Investigation (FBI) arrested Defendant on a warrant issued from the Western District of Texas. *See* Arrest Warrant Return, July 26, 2024 ECF No. 1288. Defendant had an initial appearance, with his attorney of record on July 26, 2024. *See* Minute Entry, July 26, 2024, ECF No. 1283. Defendant's attorney also filed waivers of arraignment and a scheduled detention hearing. *See* Waivers, July 26, 2024, ECF Nos. 1286, 87.

---

[1] The lead defendant in this case Joaquin Guzman Loera was extradited to the United States and prosecuted in the Eastern District of New York. *See United States of America v. Joaquin Archivaldo Guzman Loera*, No. 09-CR-466(S-4)(BMC) (EDNY filed May 15, 2018).

## II. Applicable Legal Standards

The Speedy Trial Act (the Act), 18 U.S.C. § 3161, et seq., requires that federal criminal defendants pleading not guilty be tried within 70 days of their indictment or their first appearance before a judicial officer, whichever occurs last. 18 U.S.C. § 3161(c)(1); *United States v. Kingston*, 875 F.2d 1091, 1107 (5th Cir. 1989). If the defendant is not brought to trial within this period, then the indictment must be dismissed. 18 U.S.C. § 3162(a)(2). The Act, however, excludes from the calculation of this 70-day period certain specified delays, including:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay ... shall be excludable ... unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

18 U.S.C. §3161(h)(8)(A).

The Fifth Circuit counsels that courts granting an "ends of justice" continuance must consider at least one of the factors specified by the Act. *United States v. Ortega-Mena*, 949 F.2d 156, 159 (5th Cir. 1991). The factors applicable to this case include:

(i) Whether the failure to grant such a continuance in the proceeding would ... result in a miscarriage of justice;

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established [by the Speedy Trial Act]; and

(iii) Whether the failure to grant such a continuance which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would ... deny counsel for the defendant or the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(8)(B)(i), (ii) & (iv).

### III. The Tolling Request of the Parties

The parties seek a designation of the case as "unusual and complex." The charges span a conspiracy that lasted over a decade. *See* Indictment, filed April 11, 2012, ECF No. 49. The charges, as described above, are complex in nature and carry substantial penalties. *See id.* The volume of discovery is substantial. Under Fifth Circuit precedent, it would be within the Court's discretion to designate this case as a complex case, and, in turn, the ends of justice would require a tolling of the Speedy Trial Act. The Government's request is consistent with Fifth Circuit case law holding that a designation based on the volume of discovery and the complexity of the case is consistent with cases interpreting section 3161(h)(8). *United States v. Bieganowski*, 313 F.3d 264, 282 (5th Cir. 2002), (citing *United States v. Dota*, 33 f.,3d 1179, 1183 (9th Cir. 1994) (finding that "[a]n ends-of-justice continuance may be justified on grounds that one side needs more time to prepare for trial")); *United States v. Wellington*, 754 F.2d 1457, 1467 (9th Cir. 1985) (upholding the complexity of a mail fraud prosecution as a proper ground for the granting of a continuance); *United States v. Chalkias,* 971 F.2d 1206, 1211 (6th Cir. 1992) (upholding the grant of a continuance based on the complexity of an interstate cocaine conspiracy); and *United States v. Thomas,* 774 F.2d 807, 811 (7th Cir. 1985) (upholding an ends-of-justice continuance based on the complexity of a fraud case with numerous defendants and thousands of financial documents).

The Government conferred with Defendant's counsel, Frank Perez, and he is unopposed to this request.

## IV. Conclusion

WHEREFORE, premises considered, the Government respectfully requests that the Court grant its Motion in all respects and order the relief requested.

Respectfully submitted,

JAIME ESPARZA
UNITED STATES ATTORNEY

By:     /s/
KYLE MYERS.
Assistant U.S. Attorney
Texas Bar #24049933
700 E. San Antonio, Suite 200
El Paso, Texas 79901
(915) 534-6884
kyle.myers@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this the 31st day of July, 2024, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System, which will forward a copy to Mr. Frank Perez and Ray Velarde, attorneys for Mr. Zambada.

/s/
KYLE MYERS
Assistant U.S. Attorney

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| UNITED STATES OF AMERICA, | § | |
| --- | --- | --- |
| Plaintiff, | § | |
| v. | § | CAUSE NO. EP-12-CR-00849-KC |
| (2) ISMAEL ZAMBADA GARCIA aka "Mayo", | § | |
| Defendant. | § | |

## ORDER ON GOVERNMENT'S UNOPPOSED MOTION FOR DESIGNATION AS COMPLEX CASE AND TOLLING OF SPEEDY TRIAL PROVISIONS

Came on this date to be considered the unopposed Motion For Designation As Complex Case and Tolling Of Speedy Trial Provisions in the above styled cause, and after considering the same, the Court is of the opinion that it should be GRANTED.

THE COURT HEREBY FINDS that the ends of justice will be served by granting the Government's motion and such ends of justice outweigh the interests of the public and the defendant in a speedy trial, based on the following factors: the charges and issues in this case are unusual and complex, the discovery is voluminous, and it is unreasonable to expect adequate preparation for pretrial proceedings and the trial itself within the time limits established by the Speedy Trial Act;

IT IS ORDERED that the case is hereby designated "Complex;" and

IT IS FURTHER ORDERED that the time period between the filing of the government's instant motion and ____ day of _____, 2024 (the date of the next docket call) is excluded under the provisions of Title 18, United States Code, section 3161(h)(8).

Signed this _____ day of August , 2024.

_____
HON. KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE