**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff**, | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-12-CR-00849-KC** |
| | § | |
| | § | |
| **(2) ISMAEL ZAMBADA GARCIA aka** | § | |
| **"Mayo",** | § | |
| | § | |
| **Defendant**. | | |

**GOVERNMENT'S MOTION FOR AN INITIAL APPEERANCE AND
TOLLING OF SPEEDY TRIAL PROVISIONS**

The United States of America, by and through the United States Attorney for the Western District of Texas, respectfully submits this Motion for an Initial Appearance and Tolling of Speedy Trial Provisions.

**I.      Background and Procedural Posture of the Case**

In 2012, a federal grand jury sitting in the Western District of Texas, El Paso Division, indicted Defendant and 23 other persons in a 14-Count Indictment.

On February 15, 2024, a federal grand jury sitting in the Eastern District of New York indicted Defendant in cause number 09-CR-466(BMC).

On August 14, 2024, a certified copy of the indictment and accompanying arrest warrant were provided to the United States District Clerk for the Western District of Texas, El Paso Division.

**II.      Applicable Legal Standards**

Rule 5 of the Federal Rules of Criminal Procedure requires that person arrested within the United States must be taken without unnecessary delay before a magistrate judge, or before a state or local judicial officer as Rule 5(c) provides, unless a statute provides otherwise.   In accordance

with this provision, the Defendant was presented for initial appearance on July 26, 2024, in the Western District of Texas, on the indictment filed under this Cause in 2012, after the Defendant was arrested in the immediately adjacent district, the District of New Mexico, on July 25, 2024. The Defendant waived arraignment and bond and is being held on that indictment in this District. These proceedings remain pending.

Here, where the Defendant has been charged in a district other than where the offense was allegedly committed, in this instance the Eastern District of New York, Rule 5(c)(3) provides that if the initial appearance occurs in a district other than where the offense was allegedly committed, the following procedures apply:

(A) the magistrate judge must inform the defendant about the provisions of Rule 20;

(B) if the defendant was arrested without a warrant, the district court where the offense was allegedly committed must first issue a warrant before the magistrate judge transfers the defendant to that district;

(C) the magistrate judge must conduct a preliminary hearing if required by Rule 5.1;

(D) the magistrate judge must transfer the defendant to the district where the offense was allegedly committed if:

  (i) the government produces the warrant, a certified copy of the warrant, or a reliable electronic form of either; and

  (ii) the judge finds that the defendant is the same person named in the indictment, information, or warrant; and

(E) when a defendant is transferred and discharged, the clerk must promptly transmit the papers and any bail to the clerk in the district where the offense was allegedly committed.

The Speedy Trial Act (the Act), 18 U.S.C. § 3161, et seq., requires that federal criminal defendants pleading not guilty be tried within 70 days of their indictment or their first appearance before a judicial officer, whichever occurs last. 18 U.S.C. § 3161(c)(1); *United States v. Kingston*, 875 F.2d 1091, 1107 (5th Cir. 1989).   If the defendant is not brought to trial within this period, then the indictment must be dismissed.   18 U.S.C. § 3162(a)(2).   The Act, however, excludes from the calculation of this 70-day period certain specified delays, including:

Any period of delay resulting from other proceedings concerning the defendant, including but not limited to delay resulting from trial with respect to other charges against the defendant.

18 U.S.C. §3161(h)(1)(B).

### III.    Rule 5 Hearing—Eastern District of New York Charges

The Government requests that without unnecessary delay a hearing be held pursuant to Rule 5 of the Federal Rules of Criminal procedure in order to provide the Defendant with an initial appearance and statutory warnings on his charges pending in the Eastern District of New York, so that the Defendant can be advised of those charges, his right pertaining thereto, and so that an identity hearing can be scheduled to enable the Defendant to be ordered removed to the Eastern District of New York to face charges in that District prior to continuing with the Western District charges currently pending before this Court.

### IV.    Tolling of Speedy Trial Act

The Government seeks a tolling of the speedy trial for when the Defendant is removed from the Western District of Texas in order to face prosecution in the Eastern District of New York.   The Government's request is consistent with Fifth Circuit case law holding that the tolling of the Speedy Trial Act based on the Defendant's time in another jurisdiction awaiting prosecution is appropriate. *See United States v. Bigler*, 810 F.2d 1317, 1320 (5th Cir. 1987) (holding that "[t]he term 'delay resulting from trial' includes the period of time . . . [for] preparation for trial" and the federal trial judge, therefore, has discretion to include all of the time spent in custody because of other proceedings).

### V.    Defense Counsel's Position

The Government has reached out to defense counsel but has yet to hear back as to their position.

## VI.      Conclusion

WHEREFORE, premises considered, the Government respectfully requests that the Court grant its Motion in all respects and order the relief requested.

Respectfully submitted,

JAIME ESPARZA
UNITED STATES ATTORNEY


By:      _____/s/_____
ANTONIO FRANCO, JR.
Assistant U.S. Attorney
Texas Bar #00784077
700 E. San Antonio, Suite 200
El Paso, Texas 79901
(915) 534-6884
Antonio.Franco@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this the 15th day of August 2024, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System, which will forward a copy to Mr. Frank Perez and Ray Velarde, attorneys for Mr. Zambada.

___/s/_____
ANTONIO FRANCO, JR.
Assistant U.S. Attorney

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-12-CR-00849-KC** |
| | § | |
| **(2) ISMAEL ZAMBADA GARCIA aka** | § | |
| **"Mayo",** | § | |
| | § | |
| Defendant. | § | |

**ORDER ON GOVERNMENT'S MOTION FOR AN INITIAL APPEARANCE**
**AND TOLLING OF SPEEDY TRIAL PROVISIONS**

Came on this date to be considered the submits this Motion for an Initial Appearance and Tolling of Speedy Trial Provisions in the above styled cause, and after considering the same, the Court is of the opinion that it should be GRANTED.

THE COURT HEREBY FINDS that the ends of justice will be served by granting the Government's motion and scheduling an initial appearance on the charges pending in the Eastern District of New York.

THE COURT ALSO FINDS that the ends of justice outweigh the interests of the public and the defendant in a speedy trial, based on the following factors: the period of delay resulting from other proceedings concerning the defendant, including but not limited to delay resulting from proceedings with respect to charges pending in the Eastern District of New York in cause number 09-CR-466(BMC).

IT IS ORDERED that the defendant be set for an initial appearance without further delay in cause number 09-CR-466(BMC); and

IT IS FURTHER ORDERED that the time period between the filing of the government's instant motion and the conclusion of any proceeding in cause number 09-CR-466(BMC) is excluded under the provisions of Title 18, United States Code, section 3161(h)(1)(B).

Signed this _____ day of August , 2024.


_____
HON. KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE