UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. EP:12-CR-849(2)-KC |
| | § | |
| (2) ISMAEL ZAMBADA GARCIA | § | |
| a/k/a "Mayo" | § | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO
GOVERNMENT'S MOTION FOR AN INTIAL APPEARANCE
AND TOLLING OF SPEEDY TRIAL PROVISIONS**

Defendant, Ismael Zambada Garcia, by and through his attorney, Frank A. Perez, respectfully submits this Response in Opposition to the Government's Motion for an Initial Appearance and Tolling of Speedy Trial Provisions.

I.  BACKGROUND

On April 11, 2012, Mr. Zambada Garcia was indicted by a grand jury in the Western District of Texas (WDTX).

On February 15, 2024, Mr. Zambada Garcia was indicted by a grand jury in the Eastern District of New York (EDNY) in cause number 09-CR-466 (BMC).

On July 25, 2024, Mr. Zambada Garcia was arrested in the District of New Mexico, an immediately adjacent district to the Western District of Texas.

On July 26, 2024, he was presented for initial appearance in the WDTX, pursuant to Rule 5 of the Federal Rules of Criminal Procedure. He was ordered detained without bond and later entered a plea of not guilty and waived his right to a detention hearing and to appear for his arraignment.

On August 15, 2024, the Government filed a Motion for An Initial Appearance and Tolling of Speedy Trial Provisions.

II.     **THE GOVERNMENT'S INITIAL APPEARANCE REQUEST
        IS UNSUPPORTED BY RULE 5**

The Government's motion asks this Court for an initial appearance hearing on the Eastern District of New York (EDNY) charges. It seeks a court order for Mr. Zambada Garcia's removal to the EDNY to face charges there "**prior** to continuing with the (WDTX) charges currently pending before this Court." ECF No. 1324 at 3 (emphasis added). In support of its motion, the Government cites Fed. R. Crim. P. 5 ("Rule 5"), identifying Rule 5(c)(3) as the applicable provision authorizing transfer. *Id*. at 2.

   **A. Rule 5 Does Not Authorize The Initial Appearance The Government Requests**

   **1. The Government's Interpretation Of Rule 5's Transfer Provision
       Is Inconsistent With The Purpose Of This Rule:
       The Prompt Presentment Of Defendants Before Magistrates**

The Government's interpretation of Rule 5(c)(3) is inconsistent with the purpose of Rule 5. Because the Government reads (c)(3) in isolation, it fails to acknowledge the importance of (a)(1) as the cornerstone of Rule 5 based on long-standing common law principles. Rule 5(a)(1) requires that a person making an arrest within the United States (a) take the defendant to a magistrate and (b) that they do so "without unnecessary delay."

Rule 5 "codifies the common-law rule of '**prompt presentment**,' which required that an officer take an arrested person before a magistrate 'as soon as he reasonably could.' " *U.S. v. Boche-Perez*, 755 F.3d 327, 333 (5th Cir. 2014) citing *Corley v. United States*, 556 U.S. 303, 306, 129 S.Ct. 1558, 173 L.Ed.2d 443 (2009) (emphasis added). "The **purpose** of that [common law] rule was to 'prevent secret detention' and to "inform a suspect of the charge against him.' " *U.S. v. Cantu-Ramirez*, 669 F.3d 619, 624 (5th Cir. 2012) citing *Corley*, 556 U.S. at 306 (emphasis added).

2

In 1943, the Supreme Court held that "an arrested person's confession is inadmissible if given after an unreasonable delay in bringing him before a judge." *Corley*, 556 U.S. at 306 citing *McNabb v. United States*, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819 (1943).

In 1946, Federal Rule of Criminal Procedure 5(a) was enacted and "remains much the same today: 'A person making an arrest within the United States must take the defendant without unnecessary delay before a magistrate judge.' " *Corley*, 556 U.S. at 307-308.

In 1957, the Supreme Court interpreted Rule 5(a), holding that a confession given 7 hours after arrest was inadmissible due to "unnecessary delay" in presenting the defendant before a magistrate. *Corley*, 556 U.S. at 309 citing *Mallory v. United States*, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957).

"Thus, the rule known simply as *McNabb–Mallory* 'generally renders inadmissible confessions made during periods of detention that violate the **prompt presentment requirement** of Rule 5(a)." *Corley*, 556 U.S. at 309 citing *United States v. Alvarez–Sanchez*, 511 U.S. 350, 354, 114 S.Ct. 1599, 128 L.Ed.2d 319 (1994) (internal quotation marks and alterations omitted) (emphasis added).

The Supreme Court observed that "[o]ne might not care if the prompt presentment requirement were just some administrative nicety, but in fact the rule has always mattered in very practical ways and still does. As we said, it stretches back to the common law, when it was 'one of the most important' protections 'against unlawful arrest.' " *Corley*, 556 U.S. at 320 quoting *County of Riverside v. McLaughlin*, 500 U.S. 44, 61–62, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991) (SCALIA, J., dissenting). Addressing Rule 5(a)'s importance, the Supreme Court stated, "[i]n a world without *McNabb–Mallory*, federal agents would be free to question suspects for extended periods before bringing them out in the open…" *Id*.

3

### a. The Government Interprets Rule 5(c)(3) In Isolation And Ignores The "Without Delay" Requirement, Which Is Inconsistent With Rule 5's Purpose

Rule 5 governs the timing and location of initial appearances for arrested defendants and their transfer to other district s when applicable. Fed. R. Crim. P. 5(a)-(c).

Rule 5(a)(1)(A) states that defendants arrested within the United States must be taken before a magistrate judge without unnecessary delay "as Rule 5(c) provides." Rule 5(c) includes different subsections governing where initial appearances must take place.

Rules 5(c)(1) and 5(c)(2) simply identify where initial appearances must occur. This is based on where a defendant was arrested and where charges are pending.

Under Rule 5(c)(2), if the defendant is arrested in a district other than where the offense was allegedly committed, the required initial appearance may occur in an adjacent district. This occurred here. Mr. Zambada Garcia was arrested in New Mexico and the initial appearance occurred in the WDTX. He was taken to court without unnecessary delay and thus, this district has discharged its time-sensitive Rule 5 obligations.

Rule 5(c)(3) is different. It governs the transfer of defendants to districts where they have pending charges. It is based on the location of an initial appearance. If the initial appearance occurs in a district other than where the offense was allegedly committed, and the government produces a warrant, the magistrate judge must transfer the defendant—to the district where the offense was allegedly committed.

The Government argues that Rule 5(c)(3) applies because (1) Mr. Zambada Garcia has charges pending in the Eastern District of New York, (2) a warrant for the Eastern District of New York was produced in this district, and (3) Mr. Zambada Garcia's initial appearance occurred in the Western District of Texas. Thus, because his initial appearance occurred in a district other

4

than where the offense was allegedly committed, Mr. Zambada Garcia must be transferred to the Eastern District of New York.

However, the purpose of Rule 5(a) is to advise a defendant of his rights in court soon after his arrest—not a month later. A Rule 5 appearance on the EDNY charges should have occurred soon after the arrest. Applying it as suggested would be inconsistent with its purposes and is not contemplated nor authorized. Since an appearance for the WDTX charges has already occurred in the WDTX, the rule has served its intended purpose.

### b. The Government Reads Rule 5(C)(3) Narrowly To Achieve Its Goal Of Removing Mr. Zambada Garcia From The Western District Of Texas

With the goal of removing Mr. Zambada Garcia to the EDNY, the Government asserts that Rule 5(c)(3) supports his transfer, providing a mechanical analysis of this subsection. It argues that since the initial appearance occurred in a district (WDTX) other than the EDNY, the magistrate judge "must" transfer Mr. Zambada Garcia to the EDNY.

The Government's motion does not address Rule 5(a)'s primary requirement that defendants be taken before magistrate "without unnecessary delay." This timing requirement is fundamental. It is based on concerns about police misconduct between the time of arrest and an initial appearance. Because Rule 5(a)'s "without unnecessary delay" requirement applies to federal arrests nationwide, it is a bedrock feature of criminal cases and conspicuously absent from the Government's analysis. The point: the Government reads (c)(3) without it's time-sensitive, deadline-oriented meaning. It's simply a matter of: the initial appearance occurred in the WDTX and the charges are in the EDNY, so the Court must transfer him.

However, the prosecution completely ignores the fundamental "without unnecessary delay" requirement. The motion does not explain how the requested hearing—one month after the

5

arrest—meets this requirement, why it is not required, why the Court should dispense with it, or what authority authorizes the Court to do so.  Nor does the Government explain why the EDNY initial appearance cannot wait until the WDTX charges are resolved nor why the EDTX should take precedence over the WDTX charges.

Rule 5(c)(3) does not exist independent of the other Rule 5 subsections.  The Government acknowledges the initial appearance mentioned in (c)(3), but ignores its **timing** requirement in (a)(1).  However, the two sections are connected.  Rule 5(a)(1) precedes (c)(3), and states that the initial appearance location is "as Rule 5(c) provides…"  Consequently, the operative initial appearance already occurred on July 26, 2024 in the WDTX.

Mr. Zambada Garcia was arrested on July 25, 2024, he was taken to the WDTX without unnecessary delay, and an initial appearance occurred on the WDTX charges on July 25, 2024.

The EDNY did not provide a warrant and indictment to the WDTX until August 14, 2024 and requested an initial appearance about 3 weeks after the arrest.

### c.  The Government Cites No Authority For Its Interpretation Nor Justifies Its Requested Transfer

In addition, the Government provides no justification for why Rule 5(c)(3) should be applied as requested.  Specifically, it makes no attempt to articulate why Mr. Zambada Garcia should be removed from the WDTX when this case is ongoing and then transferred to the EDNY. Even if Rule 5(c)(3) somehow applied as suggested, the Government does not explain how this interpretation permits a second initial appearance for the EDNY charges where one was already conducted on the WDTX charges, when the rule contemplates only one initial appearance per defendant per district at a time and says nothing that authorizes a second one.
Rule 5 says nothing permitting the prosecution from another district to "bump" the case where

a magistrate judge already conducted an initial appearance on charges in the first district. Finally, the Government cites no other rule or precedent permitting the EDNY charges to take <u>priority</u> over the WDTX charges.

The Government knows its request for an initial appearance is based on a novel interpretation of the rule. Yet, it provided no argument justifying this reading of the rule. More importantly, they have cited no authority supporting its reasoning or proposed application of Rule 5(c)(3).

## III. BECAUSE THE GOVERNMENT'S REQUEST FOR TOLLING OF THE SPEEDY TRIAL ACT IS BASED ON ITS IMPROPER INITIAL APPEARANCE REQUEST, IT TOO WOULD BE IMPROPER

The Government impermissibly seeks to remove Mr. Zambada Garcia from this district based on an improper and unsupported initial appearance request. It cites the *Bigler* case for the general proposition that tolling is appropriate based on a Defendant's time in another jurisdiction awaiting prosecution. It does not address whether tolling would be appropriate given the circumstances in this case. While tolling may be proper when a defendant is in another jurisdiction awaiting prosecution, *Bigler* did not involve a fact pattern where Rule 5 was improperly applied in the manner the Government is requesting. The Government has not addressed why this holding applies in this particular case nor cited other cases establishing that tolling would be proper in this case.

## IV. CONCLUSION

For the foregoing reasons, Mr. Zambada Garcia respectfully requests that the Court deny the Government's Motion for an Initial Appearance and Tolling of Speedy Trial Provisions.

Respectfully submitted,

*/s/ Frank A. Perez*
FRANK A. PEREZ
State Bar No. 00789541
9110 Scyene Rd.
Dallas, Texas  75227
Telephone:  214-828-9911
Email:  frankperezlaw@outlook.com

ATTORNEY FOR ISMAEL ZAMBADA GARCIA

*/s/ Ray Velarde*
RAY VELARDE
State Bar No. 20539950
1216 Montana Ave.
El Paso, Texas  79902
Telephone: 915-532-6003
Email:  ray@velardelaw.com

ATTORNEY FOR ISMAEL ZAMBADA GARCIA

**CERTIFICATE OF SERVICE**

I certify that on the 23rd day of August 2024, the foregoing Response and Brief in Opposition to Transfer Under Rule 5 of the Federal Rules and Criminal Procedure to Government's Motion for Initial Appearance and Tolling of Speedy Trial Provisions was filed electronically with the clerk of the United States District Court for the Western District of Texas to be served by the Court's electronic filing system upon the Assistant United States Attorney.

*/s/ Frank A. Perez*
FRANK A. PEREZ

ATTORNEY FOR DEFENDANT