IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CAUSE NO. EP-12-CR-00849-KC |
| | § § | |
| (2) ISMAEL ZAMBADA GARCIA aka "Mayo", | § § § | |
| Defendant. | § | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S OPPOSITION TO GOVERNMENET'S MOTION FOR INITIAL APPEARANCE AND TOLLING OF SPEED TRIAL PROVISIONS

The United States of America, by and through the United States Attorney for the Western District of Texas, respectfully submits this reply in further support of its August 15, 2024 motion (ECF No. 1324) (the "Motion") and in response to the defendant Ismael Zambada Garcia's opposition (the "Opposition"), which he filed on August 23, 2024 (ECF No. 1326).

The defendant was first indicted in Washington D.C. just over two decades ago, and most recently in February of this year in a fifth superseding indictment in the Eastern District of New York ("EDNY")[1]—in total, he has been indicted no fewer than 16 times[2] by a series of federal grand juries that have issued indictments and superseding indictments in (chronologically by first unsealed indictment) the District of Columbia (indictment in 2003, *see* 1:03-CR-34 (D.D.C.)), the EDNY (indictments in 2009, 2014, 2016 (twice), and 2024, *see* 1:09-CR-466 (E.D.N.Y.)), the Northern District of Illinois (indictments in 2009, 2011, 2012, 2014 (twice), 2015, and 2016, *see* 1:09-CR-383 (N.D. Ill.)), the Western District of Texas (indictment in 2012), the Southern District

---

1   The Opposition refers only to the EDNY indictment in February 2024 but omits that this was a fifth superseding indictment and that the defendant was first indicted in EDNY in 2009.

2   Counting only public indictments and omitting any that may remain under seal.

of California (indictment in 2014, *see* 3:14-CR-658 (S.D. Cal.)), and the Central District of California (indictment in 2015, *see* 2:15-CR-566 (C.D. Cal.)).   The intention of the United States requesting an initial appearance is so that the defendant will face justice and full accountability for *all* the crimes in these indictments, and for his uncountable victims in this district and in every district across the nation.   The defendant, however, suggests in the Opposition that the order of his prosecution is determined exclusively by the happenstance that he was arrested in closest proximity to this district—and, by logical extension, that any notorious criminal who is indicted in multiple districts can dictate the first venue of his own prosecution by surrendering or otherwise orchestrating his arrest there (and could determine the first venue for a rival through similar contrivance).   No principle of law supports this extraordinary contention. Rather, he argues that Rule 5 of the Federal Rules of Criminal Procedure does not "authorize" an initial appearance on EDNY arrest warrant in this district now because such a proceeding would be "inconsistent with the purpose of Rule 5," which he suggests is only prompt presentment upon arrest, Opposition 2–6, and because the government has not explained why it wishes to schedule a Rule 5 proceeding now, *id.* 6–7.   These arguments are meritless.

As an initial point, the government agrees with the defendant that prompt presentment following arrest is *one* purpose of Rule 5, but not with his suggestion that it is the *only* purpose, or that the Rule authorizes nothing else.  Rule 5 has numerous provisions and provides clear and orderly procedures for conducting first appearances on arrest warrants issued on indictments and complaints, following arrests without warrants, and upon summonses without any arrest at all.   It has many functions and serves many purposes.   Even if the defendant were correct that the sole purpose of Rule 5 was prompt presentment—and he is not—the law is clear that a rule's announcement of a purpose "does not limit or expand the scope of [an] operative clause."  *D.C. v. Heller*, 554 U.S. 570, 578 (2008) (ruling that the prefatory clause announcing the purpose of the

Second Amendment does not limit the operative clause).   As relevant here, the operative language of Rule 5(c)(3)(D) is clear: in an initial appearance on an arrest warrant in a district other than the issuing district, if (1) "the government produces the warrant, a certified copy of the warrant, or a reliable electronic form of either" (as the government has already done, by transmission to the Clerk on August 15), and (2) "the judge finds that the defendant is the same person named in . . . the warrant" (which the defendant has acknowledged, or at least appears not to dispute), then the court "must transfer the defendant to the district where the offense was allegedly committed."

Apart from challenging identity, which the defendant has not done and cannot plausibly do, the Rule provides the defendant no basis to oppose this outcome, let alone to oppose *being presented on the arrest warrant at all*, as the defendant here does.  The government's primary request in the Motion is simply a scheduling request: for a convenient time for the government to present the defendant on the EDNY arrest warrant, which has already been transmitted to the Clerk. The defendant has offered no plausible basis, and there is no plausible basis, to avoid such a presentment.  Defendants are routinely arrested in this district on out-of-district warrants and promptly presented for an initial appearance pursuant to Rule 5(c)(3) without any opportunity to oppose the scheduling of the appearance.

Nor is the defendant correct that the government is required to articulate any reason for the presentment on one warrant or another when there are numerous to choose from.   The indictment and arrest warrant speak for themselves and are reason enough.   The Supreme Court held nearly a century ago, in rejecting a constitutional challenge to inter-district removal on the predecessor statute to Rule 5, that "the protection owed by a sovereign to those within its territory is not involved" in the issue of "[r]emoval from one federal district to another."  *U.S. ex rel. Kassin v. Mulligan*, 295 U.S. 396, 400 (1935).   Indeed, when the identity of the defendant as the person

charged in the indictment has been established, "the indictment without more *prima facie* requires the order of removal," to which "the government is entitled." *Id.*

In sum, the defendant has no basis to oppose being presented on the EDNY arrest warrant. Moreover, once the requirements of Rule 5(c)(3) are satisfied, it is mandatory that the defendant be transferred to EDNY to be arraigned on the fifth superseding indictment pending there. That outcome does not *per se* entail any effect on the case pending here. Indeed, further proceedings before this Court, including if the Court were to entertain further argument on the government's request to exclude time, can proceed as scheduled. If it should become necessary for the defendant to appear again in this district, he will remain in the custody of the Attorney General and the government can produce him here. *Cf.* July 18, 2019, Minute Entry, *United States v. Robert Sylvester Kelly, et al.*, 1:19-CR-567 (N.D. Ill.), ECF No. 29 (ordering defendant transferred to EDNY pursuant to Rule 5(c)(3)(D) and directing that he be returned for a status conference already scheduled on separate indictment pending in the transferring district). Separately, because the unique security demands attendant to housing and transporting this defendant impose considerable burden and expense on the government, the government also requested in the Motion an exclusion of time pursuant to the Speedy Trial Act, in anticipation of further requests (not yet made) to adjourn proceedings here rather than transporting the defendant back and forth for all scheduled appearances in both districts. That request, however, is legally distinct, and neither the scheduling nor the outcome of a Rule 5 appearance is dependent upon it. The government respectfully submits therefore that the Rule 5 appearance on the EDNY warrant should be scheduled promptly, even if the Court wishes to hear additional argument on tolling the speedy-trial clock, which issue can be dealt with separately.

Accordingly, for the above reasons and those stated in the Motion, the government respectfully requests that a Rule 5(c)(3) proceeding on the EDNY arrest warrant be scheduled as

expeditiously as the Court can accommodate, or alternatively that the Court direct the parties to a magistrate—as is the usual practice in this district—to conduct such a proceeding without further delay.

                                 Respectfully submitted,

                                 JAIME ESPARZA
                                 United States Attorney

By:        /s/
            ANTONIO FRANCO, JR.
            Assistant U.S. Attorney
            Texas Bar #00784077
            700 E. San Antonio, Suite 200
            El Paso, Texas 79901
            (915) 534-6884
            Antonio.Franco@usdoj.gov

**CERTIFICATE OF SERVICE**

     I hereby certify that on this the 26th day of August 2024, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System, which will forward a copy to Mr. Frank Perez and Ray Velarde, attorneys for Mr. Zambada.

                            /s/
                            ANTONIO FRANCO, JR.
                            Assistant U.S. Attorney