IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff**, | § | |
| | § | |
| v. | § | CAUSE NO. EP-12-CR-00849-KC |
| | § | |
| | § | |
| **(2) ISMAEL ZAMBADA GARCIA aka "Mayo",** | § | |
| | § | |
| | § | |
| **Defendant**. | § | |

**GOVERNMENT'S NOTICE OF TRANSFER AND UNOPPOSED MOTION FOR TOLLING OF SPEEDY TRIAL PROVISIONS**

The United States of America, by and through the United States Attorney for the Western District of Texas, provides notice to the Court that the Eastern District of New York (EDNY) has initiated the process to transport the Defendant from the Western District of Texas to the EDNY pursuant to a writ. Defendant does not object to being transferred or transported to EDNY pursuant to this writ.

Separately, the Government requests a tolling of the speedy trial act during the prosecution of Defendant by the EDNY. In support thereof, the Government would show the following:

I.  **Background and Procedural Posture of the Case**

The Government filed a request for an initial hearing on an indictment from the EDNY and the judicial transfer of Defendant to the EDNY. *See* Gov.'s Mot., filed August 15, 2024, ECF No. 1324. At the time, Defendant opposed Government's request. *See* Def. Response, filed August 23, 2024, ECF No. 1326. Defendant requested the opportunity to file a surresponse, which the Court granted. *See* Def.'s Mot. for Leave to File Surresponse, filed August 28, 2024, ECF No. 1329. Defendant chose not to file a surresponse. The Court then entered an order denying Government's request for an initial appearance for the EDNY indictment. *See* Ord. Denying, filed September 4,

2024, ECF No. 1330.

The Court Order continued that "the Government may seek issuance of a writ of habeas corpus ad prosequendum from the E.D.N.Y." *Id*. at pg. 15. On September 5, 2024, the EDNY initiated[1] that process. The Court's order also stated that Defendant "will retain the right to raise any opposition he may have." *Id.* at 16. Defendant, however, notified the Government that he no longer wishes to oppose transfer and does not oppose being transferred to the EDNY by writ.

The Government previously filed an unopposed motion to declare the case complex because the charges in the case are complex and the discovery is voluminous. *See* Mot. for Designation as Complex Case and Tolling of Speedy Trial Provisions, filed July 31, 2024, ECF No. 1304. The Court granted that motion. *See* Ord. Granting, filed August 1, 2023, ECF No. 1311. In light Defendant's transfer to the EDNY, the Government requests a tolling of the Speedy Trial Act Provisions during the EDNY prosecution and to excuse Defendant's presence[2] at future Court hearings to avoid the significant expense and security risks attendant to transporting the Defendant repeatedly between districts.

## II. Applicable Legal Standards

The Speedy Trial Act (the Act), 18 U.S.C. § 3161, et seq., requires that federal criminal defendants pleading not guilty be tried within 70 days of their indictment or their first appearance before a judicial officer, whichever occurs last. 18 U.S.C. § 3161(c)(1); *United States v. Kingston*, 875 F.2d 1091, 1107 (5th Cir. 1989). If the defendant is not brought to trial within this period, then the indictment must be dismissed. 18 U.S.C. § 3162(a)(2). The Act, however, excludes from the calculation of this 70-day period certain specified delays, including:

Any period of delay resulting from other proceedings concerning the defendant,

---

[1] For security reasons, the Government will not publish the date of the transfer in an unsealed filing.
[2] The undersigned believe the Court's general practice is to have Defendants appear at status conferences. *See* Scheduling Ord., filed July 26, 2024, ECF No. 1289. Because there is a significant security risk in transferring Defendant, the Government requests that Defendant's presence at future court hearings, if any are scheduled, be excused.

2

including but not limited to delay resulting from trial with respect to other charges against the defendant.

18 U.S.C. §3161(h)(1)(B).

### III. Tolling of Speedy Trial Act

The Government seeks a tolling of the speedy trial clock for the period of time during which the Defendant is absent from the Western District of Texas for the pendency of prosecution in the Eastern District of New York. The Government's request is consistent with Fifth Circuit case law holding that the tolling of the Speedy Trial Act based on the Defendant's time in another jurisdiction awaiting prosecution is appropriate. *See United States v. Bigler*, 810 F.2d 1317, 1320 (5th Cir. 1987) (holding that "[t]he term 'delay resulting from trial' includes the period of time . . . [for] preparation for trial" and the federal trial judge, therefore, has discretion to include all of the time spent in custody because of other proceedings).

As the alleged leader and founder of the Sinaloa Cartel, to whom many members of the Cartel remain loyal and against whom many rivals are motivated to commit retaliatory violence, the jailing and movement of Defendant carry extraordinary security concerns, including risks to the defendant himself and risks to the staff and personnel who jail and move him. The United States Marshals Service dedicates significant resources and personnel to the protection of Defendant and the prevention of violence. These security risks provide additional bases to justify excusing the defendant from future appearances in this district and excluding speedy trial time rather than undertaking the risks attendant to repeated transport.

The Government conferred with Defendant's attorney and he is not opposed to tolling the provisions of the Speedy Trial Act while the case is prosecuted in the EDNY.

### IV. Conclusion

WHEREFORE, premises considered, the Government respectfully requests that the Court

3

grant its Motion in all respects and order the relief requested.

                                  Respectfully submitted,

                                  JAIME ESPARZA
                                  UNITED STATES ATTORNEY

By:       /s/
            ANTONIO FRANCO, JR.
            Assistant U.S. Attorney
            Texas Bar #00784077
            700 E. San Antonio, Suite 200
            El Paso, Texas 79901
            (915) 534-6884
            Antonio.Franco@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on this the 5th day of September 2024, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System, which will forward a copy to Mr. Frank Perez and Ray Velarde, attorneys for Mr. Zambada.

                                  /s/
                                  ANTONIO FRANCO, JR.
                                  Assistant U.S. Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | **CAUSE NO. EP-12-CR-00849-KC** |
| § | |
| **(2) ISMAEL ZAMBADA GARCIA aka** § | |
| **"Mayo",** § | |
| § | |
| Defendant. § | |

## ORDER ON GOVERNMENT'S UNOPPOSED MOTION FOR TOLLING OF SPEEDY TRIAL PROVISIONS

Came on this date to be considered the unopposed Motion for Tolling of Speedy Trial Provisions in the above styled cause, and after considering the same, the Court is of the opinion that it should be GRANTED.

Any and all periods of delay resulting from proceedings against the Defendant in the Eastern District of New York, from the initiation of those proceedings by way of execution of a writ of habeas corpus ad prosequendum through the conclusion of those proceedings, whether by entry of a judgment of conviction or a judgment of acquittal.

IT IS FURTHER ORDERED that Defendant's presence at further Court hearings in this District is excused unless the Defendant's presence is specifically required by law and ordered by this Court.

Signed this _____ day of September , 2024.

_____
HON. KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE